# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Robert Langdon, II, ) | |
| ) | Civil Action No. 9:14-cv-04424-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Plaintiff Robert Langdon, II ("Plaintiff") filed this action, seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") under 42 U.S.C. § 405(g) (2012). This matter is before the court for review of the United States Magistrate Judge's Report and Recommendation ("Report"), issued in accordance with 28 U.S.C. § 636(b)(1)(B) (2012) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 13.)

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplementary Security Income ("SSI"). (*Id.* at 24.) Plaintiff timely objected to the Magistrate Judge's recommendation. (ECF No. 18.) For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 16) and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI under 42 U.S.C. § 405(g).

## I.     LEGAL STANDARD

*A.  Magistrate Judge's Report*[1]

---

[1] The Report sets forth in detail the relevant procedure and facts and of this matter. (*See* ECF No. 16 at 1–2, 3–18.) The court incorporates those portions of the Magistrate Judge's Report herein without recitation.

The Magistrate Judge makes only a recommendation to this court that has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and it reviews those portions not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify—in whole or in part—the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### B. Federal Review of Administrative Decisions

The Social Security Act establishes an administrative scheme wherein the federal judiciary's role is limited. Section 405(g) of the Act provides, "[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber

stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58. This court adheres to that responsibility and considers the record, the Report, and Plaintiff's objections in this case.

## II. PLAINTIFF'S OBJECTIONS

One of Plaintiff's major objections is to the Magistrate Judge's conclusion that the ALJ "properly discounted" the medical opinion evidence of Plaintiff's treating physician, Dr. Karen Minner, and Nurse Practitioner, Jerome Mega.[2] (ECF No. 18 at 1–2.)

First, Plaintiff suggests that the ALJ in this case failed to provide any factual or legal reasoning for why Dr. Minner and Mr. Mega's opinion evidence should be rejected—a failure, he claims, the Magistrate Judge ignores. (*Id.* at 1.) Plaintiff also specifically challenges the Magistrate Judge's response that the conclusion of the physician and nurse practitioner was an 'administrative finding and is therefore a determination reserved to the Commissioner.' (ECF No. 18 at 6 (quoting the Report).)

As another component of this objection, Plaintiff contends that the ALJ improperly discounted the opinion of Dr. Minner because the ALJ concluded that the opinion was provided in Dr. Minner's "supervisory" capacity and not in the capacity of an actual treating physician. (ECF No. 18 at 10–11.) Plaintiff argues with the Magistrate Judge's determination that the ALJ was correct in doing so. (*Id.*) Finally, Plaintiff objects to the Magistrate Judge's decision not to consider in his Report the argument 1) that the ALJ inappropriately relied on not being able to understand Dr. Minner's opinion language as a factor in reaching his decision, 2) that Dr.

---

[2] Plaintiff further clarifies that contrary to the Magistrate Judge's conclusion, Plaintiff requests only that this case be remanded "for further and proper evaluation of the opinion evidence." (ECF No. 18 at 1, n. 1.)

3

Minner's opinion was an actual medical opinion, not a "vocational opinion," and 3) that the medical opinions of Mr. Mega, as a Nurse Practitioner, were entitled to more consideration since Dr. Minner co-signed them. (*Id.* at 11–12.)

The second of Plaintiff's main objections is to the Magistrate Judge's conclusion that there was substantial evidence to support the ALJ's determination based on the Magistrate Judge's agreement of sufficient contradictory medical evidence from other sources in the record. (*Id.* at 7.) Plaintiff specifically argues that the Magistrate Judge's conclusion belies the fact that the ALJ "created an inconsistency [in Plaintiff's medical records] that does not exist." (*Id.* at 7–9.) Plaintiff explains, for example, in his Objection:

> . . . [Plaintiff]'s records showed "good lower extremity strength, normal sensation, independent gait, ability to attend appointments alone and without using a cane and ability to drive." But Dr. Minner never indicated that [Plaintiff] had poor lower extremity strength, had abnormal sensation, had an unsteady gait, or the inability to travel alone.

(*Id.* (citations omitted).) Plaintiff further explains that Dr. Minner's determination regarding the maximum amount of time Plaintiff could stand, walk, and sit each day is "perfectly consistent" with another medical source's conclusion that Plaintiff "should only be active 'as tolerated.'" (*Id.* at 8.) And in terms of inconsistencies in determinations regarding Plaintiff's psychological condition, Plaintiff argues that the Magistrate Judge, by accepting the basis of the ALJ decision, failed to recognize that the medical findings that Plaintiff had sufficient ability to focus on and complete simple tasks occurred *before* Plaintiff's ankle injury, "which was noted to have caused his mood issues to worsen." (*Id.* at 9 (citations omitted).) Moreover, Plaintiff contends, the Magistrate Judge ignored the ALJ's inaccurate assessment of those medical findings. (*Id.*)

In light of these arguments, Plaintiff believes that the ALJ has "not fulfilled his duty to resolve conflicting evidence . . . by ignoring evidence contrary to his decision or by failing to

4

provide an accurate and logical bridge between the evidence and his determinations." (*Id.* at 10 (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).)  In response, Defendant argues that Plaintiff's objections "are the same arguments previously raised in his initial brief and reply brief" and that the Magistrate Judge "properly found no error with respect to the ALJ's finding[s]." (ECF No. 19 at 1.)

### III.   ANALYSIS

First, this court agrees with the Magistrate Judge's general conclusion that it was in the ALJ's legal purview to assign little weight to the opinion evidence of Dr. Minner and Mr. Mega since the ALJ found other substantial evidence in the record that conflicted with those opinions. (*See* ECF No. 16 at 18 (citing *Craig.* 76 F. 3d at 589–90).)  More specifically, based on the record before it, this court, like the Magistrate Judge, can find no reversible error in the ALJ's consideration and respective weight of these opinions against the entire record.

In response to Plaintiff's specific suggestion that the Magistrate Judge ignored that the ALJ did not provide sufficient reasoning for why Dr. Minner and Mr. Mega's opinion evidence should be discounted, this court disagrees.  Indeed, the Magistrate Judge catalogued in his Report several reasons the ALJ gave for why he assigned less weight to those medical opinions. (ECF No. 16 at 19–22.)  This court also finds those reasons sufficient.  *See* 42 U.S.C. § 405(b)(1) (2012) (requiring the Commissioner's decision only to "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based").

And even if both the ALJ and Magistrate Judge were incorrect in determining that certain statements found in those medical opinions were unauthorized administrative findings—an issue this court finds no need to settle here—the ALJ still appears to have considered them in

5

conjunction with the record's other evidence, despite that determination and despite the ALJ's additional reservations against assigning weight to Dr. Minner's opinion as a treating source and Mr. Mega's opinion as a Nurse Practitioner.  Finally, as to Plaintiff's concern about the ALJ's reliance on the opinions of the state agency physicians, to the extent that the agency physicians formed those opinions without knowledge of critical parts of the medical record, the ALJ appears to have refrained from physicians' findings in totality, (*see* ECF No. 10-2 at 51), that which the Magistrate Judge already noted, (ECF No. 16 at 22 ("The ALJ even gave Plaintiff every benefit of the doubt by assigning little weight to the state agency physician findings as to Plaintiff's abilit[ies] . . . due to the combined effects of his history of lower extremity fractures.").)

Second, based on its review of the whole record, this court agrees that substantial evidence nonetheless supports the ALJ's ultimate decision. *See Smith v. Carter*, 99. F.3d 635, 638 (4th Cir. 1996) (concluding that a district court cannot overturn a decision that is supported by substantial evidence just because the record may contain conflicting evidence).  And to the extent that the ALJ inappropriately relied on not being able to understand Dr. Minner's opinion language as a deciding factor and also was in error in concluding that Dr. Minner's opinion was not an actual medical opinion—both points Plaintiff raises in his Objection—they do not overcome the fact that that the record, taken together, underscores the conclusion that there is substantial evidence to support the ALJ's decision.  Neither does Plaintiff's objection that Nurse Practitioner Mega's medical opinions were entitled to more consideration since Dr. Minner co-signed them.

Yet, Plaintiff argues against a finding of substantial evidence because, he maintains, the conflicting evidence of the record that the ALJ and Magistrate Judge found actually can be reconciled and that there is more consistency between the evidence than what their assessments

suggest. That very well may be, but this court emphasizes here that "if the Secretary's findings are supported by substantial evidence, they *must* be affirmed, *even in cases where contrary findings of an ALJ might also be supported.*" *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986) (emphasis added). As it applies to Plaintiff's disputes with the factual correctness of certain ALJ assessments in this case, this substantial evidence standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

To conclude, the court emphasizes its compliance with this substantial evidence standard in response to Plaintifff's general objection that the ALJ "ignor[ed evidence contrary to his decision" and "fail[ed] to provide an accurate and logical bridge between the evidence and his determinations." (ECF No. 18 at 10.) Indeed, the Fourth Circuit recently has reiterated that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Social Security*, 769 F.3d 861, 865 (4th Cir. 2014). Again, the statute providing for judicial review merely requires that "the Commissioner's decision . . . 'contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.'" *Id.* (quoting 42 U.S.C. § 405(b)(1) (2012)). This court finds that the Commissioner has done so here.

### IV.     CONCLUSION

Accordingly, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 16), **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI under 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 8, 2016
Columbia, South Carolina

8